# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00805-CR

**Burt Eddie Blackwood, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. CR5488, HONORABLE LLOYD DOUGLAS SHAVER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Burt Eddie Blackwood guilty of aggravated sexual assault of a child and assessed punishment at forty years' imprisonment. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2004-05). Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant exercised his right to respond to counsel's frivolous appeal brief by filing his own pro se brief.

In his first pro se point, appellant asserts that his presumption of innocence was infringed when the jury was allowed to see him in shackles. *See Long v. State*, 823 S.W.2d 259, 282 (Tex. Crim. App. 1991). The facts asserted by appellant are not reflected in the record before us. For this reason, the point is overruled.

Next, appellant urges that the court erred during jury selection by overruling defense challenges for cause to nine panelists. Each of these panelists was challenged on the ground that he or she worked with children in some capacity—as a teacher, daycare worker, or counselor. Working with children, however, is not in itself grounds for a challenge. *See* Tex. Code Crim. Proc. Ann. art. 35.16 (West 1989 & Supp. 2004-05). Appellant asserts that these panelists were biased against him, but this is not reflected in the record. Appellant also complains that he was "forced" to accept as a juror the mother of the county jail administrator, but he did not challenge this panelist for cause. Pro se point of error two is overruled.

Appellant's third pro se point alleges three acts of misconduct by the trial court. He complains that during voir dire, the court referred to the State as "we." Appellant refers to the court's explanation of the indictment: "The State draws up their indictment. So the State is saying this is what we believe that we can prove to the jury beyond a reasonable doubt." The court was not improperly identifying itself with the prosecution.

The second alleged act of misconduct also occurred during jury selection, as the court explained the presumption of innocence and the defendant's right to remain silent: "Now, I guess after having said all that, there's probably still some among you as you're seated out there right now saying to yourself, Well, I understand we have a constitution, and I'm real glad we do. But I admit

that if someone charged me with a crime, I'd sure get up there and tell everybody my side of the situation." Clearly, the court was not speaking for itself, but for a hypothetical jury panelist. The court went on to explain the importance of the right to remain silent and how it grows out of the State's burden to prove guilt beyond a reasonable doubt.

The last alleged act of court misconduct occurred during the complainant's testimony. The prosecutor asked her if she had come forward with her accusation "for any reason other than it was just the truth." She answered, "Because I heard about another girl—." The court interrupted her, saying (as shown in the record) "Opp, opp, opp." Appellant complains that the court was trying to stop the witness from answering, which may be true. But this was for appellant's benefit, as the court was attempting to stop the witness from suggesting that he had assaulted another person.

We find no support in the record for the claim of judicial misconduct. Pro se point of error three is overruled.

Appellant's fourth pro se point complains of alleged prosecutorial misconduct. Appellant points to five examples of what he considers improper questioning, but in each instance there was either no objection or the defense objection was sustained. Appellant also asserts that the prosecutor interrupted defense counsel's jury argument with objections (the objections were overruled), made comments to the jurors during defense counsel's argument (the court admonished the prosecutor to stop this and the defense requested no further relief), and made improper statements during her own argument (without objection). Finally, appellant urges that the prosecutor adduced perjured testimony, misrepresented evidence, and asked "loaded questions." None of these assertions is supported by the record. Pro se point of error four is overruled.

3

In pro se point of error five, appellant argues that his attorney rendered ineffective assistance at trial. We apply the familiar *Strickland* standard: appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

Some of appellant's complaints—counsel failed to investigate the facts of the case, failed to interview witnesses, failed to consult with appellant's previous counsel, failed to speak with appellant, and was unprepared for trial—are based on assertions of fact that are outside the record. Other assertions—that counsel employed the wrong strategy during jury selection and during the trial itself—consist of little more than second-guessing. *See Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992). Appellant also cites a long list of instances in which he claims counsel should have objected to what appellant considers an improper question or misstatement by the prosecutor, but in most cases there was no valid ground for objection.

In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In most direct appeals, the record is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id*. That is the case here. Pro se point of error five is overruled.

Finally, appellant asserts two evidentiary errors. He claims that witness Kent Meadows's testimony contained hearsay. We have examined the record, and find no hearsay or any objection to hearsay, during Meadows's testimony. Appellant also asserts that, during the punishment stage, the witness through whom appellant's penitentiary records were introduced should not have been allowed to describe the contents of the records. Defense counsel's objection that "the documents speak for themselves" was overruled. We find no error, much less harm, in allowing the witness to state that the records contained two judgments of conviction. Pro se point of error six is overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   September 22, 2005

Do Not Publish